UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**BRENDA K. JURGENS**,<br><br>    Debtor. | Case No. **15-60592-7** |
| **GARY MARTIN**,<br><br>    Plaintiff.<br><br>-vs-<br><br>**BRENDA K. JURGENS** and **FIRST AMERICAN TITLE COMPANY OF MONTANA**,<br><br>    Defendants. | Adv No. **16-00009** |

# MEMORANDUM

At Butte in said District this 15th day of September, 2016.

Pending in this adversary proceeding is the Plaintiff Gary Martin's "Motion to Return Cash Security to Gary Martin, or in the Alternative, to Replace Cash Security with a Bond" ("Martin's Motion") filed on May 11, 2016 (Document No. 50). Defendant/Debtor Brenda K. Jurgens ("Defendant" or "Debtor") filed an objection. A hearing on Martin's Motion was held at Missoula on July 7, 2016. Plaintiff Gary Martin ("Martin") was represented at the hearing by attorney Jenny M. Jourdonnais of Hansberry & Jourdonnais, PLC, of Missoula. Defendant was represented by attorney Edward A. Murphy of Murphy Law Offices, PLLC, of Missoula. No

1

testimony or exhibits were admitted. The Court heard argument of counsel, after which the Court took Martin's Motion under advisement. After review of the record and applicable law, Martin's Motion will be denied by separate Order.

The relevant facts are undisputed and discernable from the case docket and parties' pleadings. Martin initiated this adversary proceeding by filing a complaint on February 9, 2016. The complaint seeks injunctive relief and a preliminary injunction seeking to impose a constructive trust or equitable lien against the $250,000 homestead exemption claimed by Plaintiff's sister, the Defendant, based on theories of unjust enrichment and misappropriation of funds of the parties' mother Alice Jean Martin ("Alice") before Alice's death, and to Alice's estate after her death. Also on February 9, 2016, Martin filed an application for an immediate temporary restraining order ("TRO"), combined with a motion for preliminary injunction to replace the TRO after hearing in order "to preserve the status quo," and to prevent First American Title Company of Montana, Inc. ("FATCO") from disbursing the $250,000 in homestead exemption proceeds to Defendant at closing of the sale of her homestead, until final disposition of will contest litigation pending in Midland County, Texas and this adversary proceeding.

On February 10, 2016, this Court granted Martin's Application for a TRO, but only on the condition that he file a bond pursuant to Fed. Rule Civ. P. 65(c) in the amount of $260,000. The Court noted that "issuance of a TRO to deprive Brenda possession and use of $250,000 while she is in bankruptcy necessarily will cause her hardship." As a result, the TRO explains at page 3: "This Court exercises its discretion and concludes that a bond in the amount of $260,000 as security from the Plaintiff is considered proper to pay any costs and damages which Brenda

and/or First American Title might sustain if her $250,000 homestead exemption is found to have been wrongfully enjoined or restrained under Rule 65(c)." (Document No. 6, p. 3). In this Court's view the above-quoted phrase cannot reasonably be interpreted other than requiring the $260,000 bond until this adversary proceeding is concluded, either by dismissal or by final judgment, because of the hardship caused to the Debtor.

Martin voluntarily and timely filed the $260,000 bond in the Court's registry where it remains. Without that bond, the TRO would not have been entered. Martin did not seek reconsideration of the bond requirement until Martin's Motion was filed on May 11, 2016, seeking return of the $260,000 or, in the alternative, a bond in some other amount.

Defendant filed her amended answer on March 9, 2016. In her answer she denied any liability to Plaintiff.

A hearing on Martin's motion for a preliminary injunction was held on March 10, 2016, after which the Court took that motion under advisement. On April 12, 2016, the parties entered into a stipulation whereby the $250,000 in proceeds from the sale of Debtor's homestead were to be deposited into the Court's registry. That stipulation was approved. On April 25, 2016, the Court denied Martin's motion for preliminary injunction as moot, without prejudice, and ordered this adversary proceeding held in abeyance pending the outcome of Martin's will contest in Texas state court. The Court further directed the parties to file a status report on the Texas litigation within 6 months. No timely request for reconsideration of that Order was filed.

In spite of the Order holding this adversary proceeding in abeyance, on May 11, 2016, Martin filed the instant Motion to return his $260,000 or replace it with a bond in some lesser amount. Martin offered no evidence at the hearing on July 7, 2016, in support of his Motion.

3

His attorney stated on the record that no dispute exists that the proceeds from the sale of Defendant's homestead are the Debtor's. Counsel suggested an amount of supersedeas bond in the amount of $20,000 to $25,000 might be appropriate instead of the $260,000 cash bond. Counsel argued that the $260,000 was for the issuance of the TRO, and that its purpose was served when the homestead proceeds were deposited into the Court's registry and there is no further need of the bond. Counsel informed the Court that a hearing is scheduled to be held in the Texas case on July 26, 2016, on summary judgment motions.

Defendant objects to Martin's Motion, and in the alternative asks that the $260,000 bond not be released until Martin deposits an appropriate cash bond in another amount. Defendant's attorney argued that she has been deprived of her homestead property with the result that she cannot retain counsel in the Texas litigation, and there is no prospect of a quick resolution of the Texas will contest.

This Court ordered this adversary proceeding held in abeyance and directed the parties to proceed with the Texas litigation. On several occasions the Court has urged Martin to pursue the Texas litigation so that decisions regarding Texas law can be reached and this adversary proceeding and related bankruptcy case can proceed. Despite the Court's urging, the Texas litigation remains with summary judgment proceedings undecided, and Martin initiates a contested matter in an adversary proceeding which is being held in abeyance.

Martin's Motion seeks return of this $260,000 bond on the grounds that it served its purpose and is not needed now that Debtor's homestead proceeds have been deposited into the Court's registry. Martin is represented by counsel in this case and the Texas litigation. Notwithstanding, during a hearing earlier in this case at which Martin appeared in person, he

spoke out of order from counsel table and interjected that the money was not important, and he offered to donate it to charity. In Martin's Motion pending now before the Court, he takes a different position and asks for his money back.

Martin seeks equitable relief in this adversary proceeding in the form of imposition of a constructive trust or equitable lien. A common maxim of equity in Montana reads: "[O]ne seeking equity must do equity." *In re Marriage of Cox*, 266 Mont. 67, 71, 878 P.2d 903, 906 (1994). Plaintiff has prevented the Defendant in this adversary proceeding from using the proceeds from the sale of her homestead, with the result, according to her Montana bankruptcy counsel, that she cannot now retain counsel in the Texas litigation. Martin has not prevailed on the merits at this time, either here or in Texas; but by depriving the Defendant of the use of her own funds to defend herself, Martin improves his chances of prevailing.

In the TRO this Court recognized the hardship to the Debtor caused by depriving her of her $250,000. The TRO was entered, in the exercise of the Court's discretion, only on the condition that Martin deposit $260,000 in the Court's registry, for the stated purpose "to pay any costs and damages which Brenda . . . might sustain if her $250,000 homestead exemption is found to have been wrongfully enjoined or restrained . . . ." That exercise of discretion was appropriate when made. Martin accepted the condition when he voluntarily deposited $260,000 into the registry. He did not request reconsideration of the requirement that he file the $260,000 bond.

For the above reasons, the Court deems Martin's Motion untimely, inequitable, and insufficient reason to depart from this Court's determination to hold this adversary proceeding in abeyance. If Martin wishes release of his $260,000 bond, he may accomplish that by filing a

decision and judgment from the Texas litigation; or by otherwise filing a resolution of this adversary proceeding with the Defendant.

**IT IS ORDERED** a separate Order shall be entered denying Plaintiff's "Motion to Return Cash Security to Gary Martin, or in the Alternative, to Replace Cash Security with a Bond" filed on May 11, 2016 (Doc. 50).

_____
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge