# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>BRENDA K. JURGENS,<br><br>　　Debtor. | Case No. 15-60592 |
| GARY MARTIN,<br><br>　　Plaintiff,<br><br>v.<br><br>BRENDA JURGENS, and FIRST AMERICAN TITLE COMPANY OF MONTANA, INC.,<br><br>　　Defendant. | Adv. No. 16-00009 |
| GARY MARTIN,<br><br>　　Plaintiff,<br><br>v.<br><br>BRENDA JURGENS,<br><br>　　Defendant. | Adv. No. 16-00032 |

## MEMORANDUM OF DECISION

**INTRODUCTION**

Brenda Jurgens ("Debtor") filed a chapter 13 petition on June 30, 2015, commencing Case No. 15-60592.[1] This case was converted to chapter 7 on November 5, 2015, on the motion of creditor Gary Martin ("Martin") and Victor Properties LLC.[2] On January 23, 2019, Martin filed a Motion to Modify Stay. Doc. No. 289 ("Stay Motion"). Debtor filed an objection to the Stay Motion. Doc. No. 291 ("Objection"). This matter was heard on February 21, 2019, and it was taken under advisement.

In *Martin v. Jurgens*, Adv. No. 16-00009, an action brought by Martin seeking a declaratory judgment and imposition of a constructive trust, Martin filed a Motion for Return of Cash Security. Adv. Doc. No. 81 ("Return Motion"). Debtor filed an objection to the Return Motion. Adv. Doc. No. 86. That matter was also heard on February 21, 2019, and it was taken under advisement.

In Adv. No. 16-00009, Martin filed a Motion for Scheduling Conference, *id.* at Adv. Doc. No. 79, and he also filed a companion Scheduling Motion in an action seeking a determination of nondischargeability of debt under § 523(a)(4), *Martin v. Jurgens*, Adv. No. 16-00032, *id.* at Adv. Doc. No. 33 (together, the "Scheduling Motions"). The parties were heard on January 18, 2019, as to these matters.

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and all Rule citations are to the Federal Rules of Bankruptcy Procedure. The Court takes judicial notice of its files and records. Fed. R. Evid. 201.

[2] Martin and Victor Properties, LLC jointly filed the motion to convert. Doc. No. 13. The Court's references to "Martin" herein will encompass both the individual and the LLC where applicable.

MEMORANDUM OF DECISION - 2

This decision constitutes the Court's findings and conclusions to the extent required under Rules 7052 and 9014 as to all such motions.

**BACKGROUND**

Martin and Debtor are brother and sister, and the children of Alice Jean Martin and John William Martin. Both parents are deceased. Debtor was the executor of Alice Jean Martin's estate, administered in the courts of Midland County, Texas, and was also the executor of John William Martin's estate. Her brother, Martin, filed a will contest alleging misconduct by Debtor in the administration of their parents' estates. *See generally* Doc. No. 216 (decision of the Hon. Ralph B. Kirscher dated March 30, 2016, discussing background of disputes and litigation).[3]

Debtor's bankruptcy schedules listed two contiguous parcels of real property in Ravalli County, Montana, with the address of 948 Bumpy Lane, Victor, Montana (the "Property"). Debtor asserted a value of $1,975,000 for the Property on which there was a secured debt of $762,966.18. Doc. No. 21 at 3. Debtor claimed a $250,000 homestead exemption in the Property under Mont. Code Ann. §§ 70-32-104 and 25-13-615. *Id*. at 9.

The chapter 7 trustee proposed to sell the Property under § 363 for a total of $1,500,000 (of which $1,475,000 was attributed to the real property and $25,000 to certain personal property). Doc. No. 144. Martin filed a limited objection. Doc. No. 153. The Court, following a contested hearing, ruled on February 5, 2016, that the Property would be sold under § 363(f) free and clear of all liens and interests, and any

---

[3] The undersigned was assigned the case and related adversary proceedings on January 25, 2017.

MEMORANDUM OF DECISION - 3

valid liens or interests would attach to the proceeds of sale. Doc. No. 171. The Court noted that the parties agreed Martin would receive payment of his first and third lien against the Property from the sales proceeds and that a judicial lien would take precedence over Debtor's claimed homestead exemption. *Id.* However, Martin's limited objection was overruled on procedural grounds but without prejudice to renewal. *Id.*

On February 8, 2016, Martin objected to Debtor's claimed homestead exemption. Doc. No. 174. Martin filed the complaint commencing Adv. No. 16-00009 the following day. This action sought an injunction against Debtor obtaining her homestead exemption from the Property until Martin could seek imposition of a constructive trust against the homestead. In Adv. No. 16-00009, the Court granted a temporary restraining order on February 10, 2016, conditioned on Martin depositing with the Clerk a $260,000 bond, and also authorizing the title company handling the trustee's sale of the Property to interplead $250,000 (representing the homestead exemption amount) rather than paying it to Debtor. Adv. Doc. Nos. 6, 7.[4] In the chapter 7 case, the Court ordered that Martin's objection to the homestead exemption would be "held in abeyance" until the parties reported the outcome of the will contest in Texas, and advised that the Texas decision was final. Doc. No. 230; *see also* Doc. No. 240.

On May 1, 2018, the Court required the parties to submit a status report in Adv. No. 16-00009.[5] After reviewing the submitted reports, Adv. Doc. Nos. 68 and 69, the

---

[4] A later order was entered on stipulation that allowed the title company to interplead with the Clerk the $250,000 plus interest (and less $1,000 in legal fees to the title company), the same to be held pending further order. Adv. Doc. Nos. 44, 45.

[5] A similar order was entered in Adv. No. 16-00032.

MEMORANDUM OF DECISION - 4

Court required the parties to file a "joint status report" in both adversary proceedings within 30 days of any order or judgment by the Texas state court. Adv. Doc. No. 70.

On September 20, 2018, Martin filed a Notice that an Amended Final Judgment had been entered against Debtor, in the amount of $774,396.38 in the Texas litigation, and advising that there had been no bond, deposit in lieu of bond, or other action taken to suspend enforcement of such judgment. Adv. Doc. No. 72.

A status conference was vacated after reviewing the parties' submissions. Adv. Doc. Nos. 75, 76. Debtor filed a motion in the Texas state court seeking a new trial or modification of the judgment. She asserted that, in the event the motions were unsuccessful, she would "seek to appeal the Texas state court ruling (and presumably seek a stay pending appeal)." *See* Order, Adv. Doc. No. 77 (Oct. 23, 2018).

On December 7, 2018, Martin filed the Scheduling Motions in the adversary proceedings based on the Texas court's effective denial of Debtor's motion for a new trial and Debtor's filing of a notice of appeal. Adv. Doc. No. 79. Debtor's notice of appeal expressly represented she was not filing, nor was she going to file, a supersedeas bond. Debtor responded on December 21, 2018, and set the Scheduling Motions for hearing on January 18, 2019. Adv. Doc. No. 80.

Martin then filed the Return Motion on January 14, 2019, asking for an order allowing the Clerk to return his previously posted $260,000 cash security. Adv. Doc. No. 81. Those funds had been deposited in 2016 to satisfy a condition imposed by the Court in connection with its entry of a temporary restraining order at the outset of the case. *See* Adv. Doc. No. 6. The Court had earlier refused to order the release of the security,

MEMORANDUM OF DECISION - 5

stating, in part, "[i]f Martin wishes release of his $260,000 bond, he may accomplish that by filing a decision and judgment from the Texas litigation; or by otherwise filing a resolution of this adversary proceeding with the Defendant."  Adv. Doc. No. 54 at 5–6.  Debtor timely objected to the Return Motion.  Adv. Doc. No. 86.

On January 18, 2019, counsel for the parties were heard on Martin's Scheduling Motions.  The Court asked for additional submissions to be made, and those have been filed.  Adv. Doc. Nos. 84, 85.  Both parties agree that Debtor's November 2018 appeal to the Eleventh District Court of Appeals will take 9 to 12 months (*i.e.*, between August and November 2019), and that further appeal to the Texas Supreme Court would take an additional year.  Debtor also notes her understanding that an appeal to the Texas Supreme Court is discretionary and not a matter of right in most cases.

**DISCUSSION AND DISPOSITION**

    **A. Martin's Motion to Modify Stay in Case No. 15-60592**

On October 8, 2015, the Court granted Martin relief from the § 362(a) stay in order "to proceed to entry of judgment" in the Texas litigation but specifically provided that "the automatic stay remains in effect with respect to the enforcement of any judgment against Debtor or estate property arising from such litigation[.]"  *See* Doc. No. 85 at 5.  Martin's Stay Motion, Doc. No. 289, asserts that the judgment has now been entered; that it is "final" under Texas law; that there is no bond to stay enforcement of the judgment under Texas law; and that he requests modification of the stay and, in effect, modification of the prior order Doc. No. 85, in order to "seek execution of the Texas judgment in accordance with applicable non-bankruptcy law."  Simply put, Martin wants

MEMORANDUM OF DECISION - 6

stay relief as to the "enforcement of any judgment" which the Court in 2015 specifically declared in Doc. No. 85 would be stayed.

Debtor's objection asserts that the dischargeability or nondischargeability of the debt reflected by the Texas judgment remains an open issue. The Texas court made the unequivocal assertion in the judgment that "Defendant committed fraud upon Defendant [*sic*, Plaintiff] and any damages resulting therefore shall be nondischargeable in any proceeding under Title 11 of the United States Code[.]"[6] However, the Texas court lacks jurisdiction to make that specific judgment. *Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1128 (9th Cir. 2012) (holding that the bankruptcy court presiding over the debtor's case has exclusive jurisdiction to hear and resolve questions of nondischargeability under § 523(a)(2), (4) and (6)) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n.10 (1991)); *Jenkins v. Mitelhaus (In re Jenkins)*, 2015 WL 735799 *9 (9th Cir. BAP Feb. 20, 2015) (citing *Eber* and *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 (9th Cir. 2001)).[7]

The issue of such nondischargeability still pends in Adv. No. 16-00032. The enforcement of and collection on a judgment—even one that is entered after the Court modifies the stay to allow a state court to adjudicate liability—remains stayed. If and

---

[6] *See* Doc. No. 289-1 at 1.

[7] At times, state court judgments may be deemed by the bankruptcy court to be issue preclusive of dischargeability issues. *Grogan v. Garner*, 498 U.S. at 284, n.11; *see also Kilgore Adventures, LLC v. Marek (In re Marek)*, 468 B.R. 406, 409–11 (Bankr. D. Idaho 2012); *Cheirett v. Biggs (In re Biggs)*, 563 B.R. 319, 324–27 (Bankr. D. Idaho 2017); *Montana Dep't of Labor and Indus. v. Neff (In re Neff)*, 2013 WL 6713071, *7–9 (Bankr. D. Mont. Dec. 19, 2013). That issue is not yet before the Court. It presumably will be one of the issues to be addressed in Adv. No. 16-00032, which is discussed further below in connection with the Scheduling Motions.

MEMORANDUM OF DECISION - 7

when the judgment is adjudicated to be nondischargeable, the situation would be different. Martin's Stay Motion is premature and will be denied.

### B. Return Motion in Adv. No. 16-00009

As noted, $249,000 of the proceeds of sale of the Property were held aside, reflecting Debtor's potential homestead. These funds are presently held by the Clerk in the Court's registry. Martin was required by the Court to, and did, deposit $260,000 cash with the Clerk as security for the issuance of the temporary restraining order, to compensate Debtor in the event her claimed homestead was wrongfully enjoined. The Return Motion seeks authorization for the Clerk to release the cash security back to Martin. Debtor's objection argues that request should be denied, and that she should be allowed a hearing to establish how much of the $260,000 she should be entitled to for damages.[8]

At hearing, Martin made clear that he could, and would, post a bond that would provide protection equivalent to the cash security. Debtor raised no objection to this substitution of security. The Court will accept Martin's proposal, and will grant the Return Motion. It will order that the cash security can be released to Martin by the Clerk at such time as he has filed proof of the bond.

---

[8] Debtor did not file a motion seeking that specific relief. Debtor has also argued that the $249,000 representing proceeds attributable to the claimed homestead and held by the Clerk should be released. *See* Adv. Doc. No. 86 at 6. There is also no motion filed or pending by which such relief is sought. To the extent necessary, the requests couched in her objection to Martin's motions will be denied.

MEMORANDUM OF DECISION - 8

### C. Scheduling Motions in Adv. Nos. 16-00009 and 16-00032

The parties appear to agree that a final ruling by the Texas intermediate appellate court on Debtor's appeal of the adverse trial court judgment could be many months and perhaps as much as a year out, and that a further, discretionary appeal to the Texas Supreme Court may be possible. The Court concludes that continuing to "hold [these adversary proceedings] in abeyance" is unwise and unwarranted. There are factual and legal issues that will certainly need to be decided by this Court, and the extended delay envisioned is not in the best interests of the parties or the Court.

The Scheduling Motions will therefore be granted. Orders will be entered in the two adversary proceedings providing more detail.

### CONCLUSION

Based on the foregoing, the Court will (1) deny Martin's Stay Motion, (2) grant Martin's Return Motion subject to Martin providing a substitute bond, and (3) grant Martin's Scheduling Motions. Separate orders will be entered as to each matter.

DATED: May 3, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE